**No. 25-7384**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

U.S. DEPARTMENT OF JUSTICE,

Respondent-Appellant,

v.

QUEERDOC, PLLC,

Movant-Appellee.

---

On Appeal from the United States District Court
for the Western District of Washington

---

# OPPOSITION TO PETITION FOR REHEARING EN BANC

---

BRETT A. SHUMATE
*Assistant Attorney General*

BRAD HINSHELWOOD
SARAH WELCH
*Attorneys, Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

# TABLE OF CONTENTS

**Page**


INTRODUCTION .......... 1

BACKGROUND .......... 2

ARGUMENT .......... 4

I. The panel decision applied settled precedent and created no conflicts. .......... 4

CONCLUSION .......... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**

*Betancourt Cano v. Blanche*,
2026 WL 1048852 (9th Cir. Apr. 17, 2026) .................................................. 10

*Doan v. Blanche*,
2026 WL 2295884 (9th Cir. Aug. 10, 2026) .................................................. 10

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .................................................. 8

*Kipp v. Davis*,
986 F.3d 1281 (9th Cir. 2021) .................................................. 6

*Lynn v. Biderman*,
536 F.2d 820 (9th Cir. 1976) .................................................. 6

*Manzanares-Valente v. Blanche*,
2026 WL 1427017 (9th Cir. May 21, 2026) .................................................. 10

*McLane Co. v. EEOC*,
581 U.S. 72 (2017) .................................................. 4

*Ponsford v. United States*,
771 F.2d 1305 (9th Cir. 1985) .................................................. 5

*Ross and Morrison v. Reed*,
14 U.S. 482 (1816) .................................................. 10

*Suzy's Zoo v. Comm'r of Internal Revenue*,
273 F.3d 875 (9th Cir. 2001) .................................................. 8

*U.S. Postal Serv. v. Gregory*,
534 U.S. 1 (2001) .................................................. 10

*United States v. Chapman*,
185 F.4th 875 (9th Cir. 2026) .................................................. 9

*United States v. Chem. Found., Inc.*,
272 U.S. 1 (1926) .................................................. 10

*United States v. Clarke*,
573 U.S. 248 (2014) .................................................. 4, 9

*United States v. Tan*,
16 F.4th 1346 (9th Cir. 2021) .......... 5

*United States v. Texas*,
599 U.S. 670 (2023) .......... 7

**Statutes**

18 U.S.C. § 3486 .......... 3

**Rules**

Fed. R. App. P. 40(b)(2) .......... 1, 5

## INTRODUCTION

QueerDoc seeks en banc review of a panel decision that "reflects a straightforward application of [this Court's] well-established law regarding the enforcement of agency subpoenas." Op. 51. It "lays down no novel principle," and it merely holds that QueerDoc did not "demonstrate improper purpose in this case." *Id.* QueerDoc argues that the panel erred by misapplying the standard of review. But the application of the standard of review to particular facts is the sort of fact-bound and case-specific question that does not meet the standards for en banc review. *See* Fed. R. App. P. 40(b)(2). And QueerDoc identifies the same standard of review as the panel: abuse of discretion for the overall decision to quash, with subsidiary factual findings reviewed for clear error and legal questions reviewed de novo. Op. 20; Pet. 7.

More generally, QueerDoc identifies no split of authority about the novel improper purpose theory the district court adopted and the panel rejected. And QueerDoc's assertions about the effect of the panel opinion are significantly overstated: the panel did not foreclose ordinary claims of improper purpose, and it did not even finally resolve the validity of this subpoena, instead remanding for further litigation over QueerDoc's claims of undue burden and potential objections based on patient privacy.

The Court should deny the en banc petition.

## BACKGROUND

This appeal arises from an investigation the Department of Justice is conducting into whether "doctors, hospitals, pharmaceutical companies, and other appropriate entities" have committed "possible violations of the [Food, Drug, and Cosmetic Act]." Op. 13. As part of that investigation, the Department issued an administrative subpoena to QueerDoc, a telemedicine provider, under 18 U.S.C. § 3486, a provision of the Health Insurance Portability and Accountability Act (HIPAA). The subpoena requested 15 categories of documents relevant to the Department's FDCA investigation of whether QueerDoc may be engaged in misbranding of puberty blockers and cross-sex hormones and whether pharmaceutical manufacturers and distributors may be engaged in misbranding of those same drugs. *See* Op. 14-15; Op. 26-30 (discussing the requests' relevance).

QueerDoc moved to quash the subpoena. QueerDoc did not contest that it had evidence relevant to the Department's investigation or that the Department had statutory authority to issue the subpoena. Instead, QueerDoc argued that the subpoena was unenforceable because the Department issued it for an improper purpose. QueerDoc also argued that some of the subpoena's requests were overbroad and that compliance with them would be unduly burdensome.

The district court quashed the subpoena because it concluded that the Department issued the subpoena for an improper purpose. Citing various statements by the President and other Executive Branch officials expressing opposition to

gender-related medical interventions for minors, the district court concluded that the subpoena was issued to harass QueerDoc and pressure it to cease providing gender-related medical interventions for minors. ER-013-019. The district court did not address QueerDoc's additional arguments that the subpoena should not be enforced as issued based on its breadth and asserted burdensomeness. *See* Op. 19; Resp. Br. 17.

The Department appealed, and the panel reversed and remanded for further proceedings. The panel concluded that the Department had statutory authority to issue the subpoena. The Department acted within congressional authorization to issue administrative subpoenas under HIPAA. *See* 18 U.S.C. § 3486; Op. 25. The subpoena met the statute's procedural requirements, as all agree. Op. 26. And the subpoena's requests were relevant to the investigation. Op. 26-33.

The panel then turned to the district court's conclusion that QueerDoc discharged its heavy burden to show an improper purpose. The panel concluded that, although it is "undisputed that the Administration opposes the provision of 'gender-affirming care' to minors," those views are "conceded[ly]" "not 'improper.'" Op. 34. Nor did executive orders regarding that policy (Op. 38-39), or "political advocacy statements made by government officials" (Op. 40), render that investigation improper. The panel thus remanded for consideration of QueerDoc's remaining breadth and burden arguments, including concerns about patient privacy. Op. 52-54.

## ARGUMENT

### I. The panel decision applied settled precedent and created no conflicts.

The district court held that the administrative subpoena at issue was issued for an improper purpose because the present administration has a policy objective of ending gender-related medical interventions for minors. The issue presented on appeal was thus "whether the Executive Branch's public-facing statements reflecting a general policy objective can establish an improper purpose, and further, whether the Executive Branch's policy statements can undermine an otherwise valid subpoena." Op. 48.

QueerDoc's petition chiefly asserts that the panel applied the wrong standard of review. But the panel acknowledged the governing standard: the overall decision to quash is reviewed "for abuse of discretion," with subsidiary factual findings reviewed for clear error and "legal issues," including "'legal issues about what counts as an illicit motive,'" reviewed "de novo." Op. 20 (citing *McLane Co. v. EEOC*, 581 U.S. 72, 75 (2017), and quoting *United States v. Clarke*, 573 U.S. 248, 256 (2014)). QueerDoc identifies the same standard in its petition. Pet. 7. And more specifically, QueerDoc cites no case from the Supreme Court or any other circuit suggesting that a district court's decision about whether a particular type of motive amounts to an "improper purpose" is reviewed for clear error. QueerDoc in fact recognizes that such questions are "legal" in nature. Pet. 9.

QueerDoc instead shifts focus to cases in which this Court or others were asked to review factual disputes about "the agency's purpose in issuing a subpoena." Pet. 11 (citing *Ponsford v. United States*, 771 F.2d 1305, 1307-08 (9th Cir. 1985), and *United States v. Tan*, 16 F.4th 1346, 1352-53 (9th Cir. 2021)); *see* Pet. 12 (citing cases from other courts of appeals). But those cases have no bearing on the question of whether a particular motive or purpose is unlawful. And QueerDoc fares no better in contending that the panel erred in declining to defer to the district court because its conclusions were "not based on 'testimony' or facts derived from 'evidentiary hearings.'" Pet. 11; *see* Pet. 8. The panel's reference to "evidentiary hearings" and live "testimony" merely supported and underscored its conclusion that "[t]he issue here is not one of fact," but instead relates to "the drawing of legal conclusions from undisputed facts." Op. 48.[1]

To the extent QueerDoc argues that the panel instead erred by understating the evidence favoring QueerDoc, case- and fact-specific arguments about the application of a settled legal standard do not meet the standards for en banc review. *See* Fed. R.

[1] QueerDoc also objects to the panel's reference to a declaration filed in the district court. Pet. 12 n.4 (citing Op. 27 n.2). But QueerDoc understandably does not suggest that that fact-bound, case-specific conclusion creates any conflicts or resolves any questions of exceptional importance, particularly as the panel explained that the declaration "merely expands on DOJ's previously stated positions." Op. 27 n.2. And QueerDoc is wrong in its claim that the panel "never conclud[ed] that the district court abused its discretion" by striking the declaration, Pet. 12 n.4, as the panel plainly held that the district court erred by refusing to afford the Department a chance to meet the "improperly high standard" that the district court imposed. Op. 27 n.2.

App. P. 40(b)(2); *Kipp v. Davis*, 986 F.3d 1281, 1285 (9th Cir. 2021) (Paez, J., concurring in the denial of rehearing en banc) (appeal that "involves the application of settled legal standards to a set of facts" does not meet "the standards for what constitutes an appropriate case for rehearing en banc"); *id.* at 1286 (Miller, J., concurring in the denial of rehearing en banc) (claim of "case-specific error," when "the panel correctly stated the [applicable legal] rules," does not warrant en banc review).

Nor would it have affected the outcome even if the panel had erred by failing to conduct a sufficiently deferential clear-error review as QueerDoc argues. Even if the panel had deferred to or agreed with the district court that the subpoenas were issued for a genuinely improper purpose, that would not have sufficed to quash. Longstanding circuit precedent establishes, and QueerDoc's petition does not question, that "[i]t is not … a ground to deny enforcement of a subpoena that it is being employed for a wrongful purpose if there is also a legitimate purpose for the subpoena." *Lynn v. Biderman*, 536 F.2d 820, 826 (9th Cir. 1976) (refusing to quash an administrative subpoena because, although one purpose for its issuance was improper, it was also issued for a legitimate purpose). Nor does QueerDoc seek en banc review of the panel's conclusion that the Department established a prima facie case that the subpoena was validly issued pursuant to a legitimate and genuine investigation—an entirely proper purpose. *See* Op. 25-33.

To the extent QueerDoc's concerns lie with the panel's legal analysis about what constitutes an improper purpose, those contentions likewise would not warrant rehearing. As the panel explained, the district court erred in holding that an administration's policy preferences can provide a basis for concluding that particular subpoenas to investigate potential violations of existing federal law are based on an improper purpose. The President may both advocate for particular policy objectives and direct his subordinates in the allocation of scarce law enforcement resources, and the panel properly recognized that the President's "opposition to the general practice of gender-affirming care" cannot suffice to render "any investigation that advanced" a policy of "enforcing the FDCA against providers of gender-affirming care" improper. Op. 41-42. "It is not the case that DOJ is unable to investigate an area simply because the President or other high-ranking officials have voiced policy opinions on the topic." Op. 50.

QueerDoc identifies no inter- or intra-circuit split, or contrary Supreme Court precedent, on that holding. Just the opposite: As the panel explained, its holding was compelled by Supreme Court precedent confirming the Constitution's permission to the President to "prioritize" the Executive Branch's "enforcement efforts." Op. 41 (quoting *United States v. Texas*, 599 U.S. 670, 679 (2023), and collecting authorities). The district court's contrary reasoning "would require subordinate executive officers either to act independently of and contrary to the President's policies or to refrain from acting altogether," Op. 42, a state of affairs wholly contrary to the constitutional

structure of our government. Such a rule would impair not just FDCA investigations but efforts of all kinds to enforce existing law in areas of policy concern: A President's policy goal of tightening gun ownership restrictions would render his administration unable to enforce existing gun regulations, and a President's policy goal of limiting sports gambling would render his administration unable to investigate whether gambling companies are publishing misleading advertisements or cheating on their taxes. *See* Op. 43. The panel rightly rejected such a legal rule.

For similar reasons, the panel also correctly recognized that the district court's error was legal in nature. The panel properly treated as undisputed that "the current Administration has a policy objective of ending gender-affirming care" for children reflected in "the Administration's public statements" relied on by the district court. Op. 48. Nor is there any dispute that the Department's interest in investigating potential FDCA violations is a reflection of the Administration's enforcement priorities. The panel's resolution of this question thus had nothing to do with factual determinations—such as the weighing of competing evidence or credibility determinations that are province of district courts—but instead addressed "the drawing of legal conclusions from undisputed facts." Op. 48.[2] As discussed, the same

---

[2] Indeed, in numerous contexts, this Court recognizes that disputes over how the law applies to a particular set of facts present a legal question reviewed de novo. *See, e.g.*, *Suzy's Zoo v. Comm'r of Internal Revenue*, 273 F.3d 875, 878 (9th Cir. 2001) (de novo review where "primary facts are undisputed and ultimate inferences and legal consequences are in dispute"); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589,

*Continued on next page.*

is true in the context of administrative subpoenas, where the Supreme Court has been clear that determining "what counts as an illicit motive" in the context of administrative subpoenas is a "legal issue[]" that is reviewed de novo. *Clarke*, 573 U.S. at 256. For example, in *Clarke*, the Court explained that determining whether issuance of an Internal Revenue Service subpoena "because a taxpayer declined to extend a statute of limitations" was an improper purpose would be a "pure question[] of law" as to which "the Court of Appeals has no cause to defer to the District Court." *Id.* at 256-57.

QueerDoc's further contentions about the effects of the panel's decision are both mistaken and overblown. The panel's fact-bound application of settled law does not raise systemic questions worthy of the en banc court's review. The panel's decision certainly does not "render[] meaningless" any statutory constraints or eliminate judicial review of any subpoenas, let alone establish that "DOJ-issued subpoenas are per se valid" whenever they align with the President's "policy goals." Pet. 14-15. And the panel's decision does not foreclose ordinary claims of improper purpose. The panel simply rejected one novel improper-purpose argument as inconsistent with the ordinary and constitutionally permissible functioning of the Executive Branch. Indeed, far from broadly eliminating judicial review or constraints

601-02 (9th Cir. 2020) (de novo review of whether facts gave rise to a "reasonable expectation of privacy"); *United States v. Chapman*, 185 F.4th 875, 884 (9th Cir. 2026) (de novo review of whether waiver of *Miranda* rights was voluntary).

on administrative subpoenas, the panel's decision did not even fully resolve the validity of *this* subpoena or terminate judicial review of it. The panel remanded for consideration of QueerDoc's remaining arguments against enforcement, including arguments about the breadth of the subpoena and concerns about "patient privacy." *See* Op. 52-54. And as the panel explained, the undue-burden standard, which the district court has not yet applied and can be addressed on remand, addresses concerns that "the costs of compliance will force a party to shutter its business." Op. 50-51; *see* Pet. 15 (asserting that subpoenas could be used to "shutter … lawful enterprises").

Nor does the panel's conclusion that the presumption of regularity applies here carry "consequences … far beyond this case," as QueerDoc claims. Pet. 14. The presumption of regularity exists under well-settled law. *See, e.g.*, *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001) (citing *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)); *Ross and Morrison v. Reed*, 14 U.S. 482, 486 (1816) ("It is a general principle to presume that public officers act correctly until the contrary be shown."). Applying the presumption in a given case is the ordinary course and does not begin to warrant en banc review. *See, e.g.*, *Doan v. Blanche*, 2026 WL 2295884, at *1 (9th Cir. Aug. 10, 2026); *Manzanares-Valente v. Blanche*, 2026 WL 1427017, at *2 (9th Cir. May 21, 2026); *Betancourt Cano v. Blanche*, 2026 WL 1048852, at *2 (9th Cir. Apr. 17, 2026).

It is QueerDoc's view of the law, not the panel's, that would carry disruptive consequences. Adopting QueerDoc's view would require quashal when requested by any plaintiff in an industry if the President both wants to "end" an industry practice

and directs enforcement resources toward that industry. This Court has thus far rejected *every* improper-purpose argument that has come before it. Reversing the improper-purpose quashal of this administrative subpoena is another entry in a long series of such decisions, not a decision of exceptional importance independently warranting the en banc court's review.

## CONCLUSION

The Court should deny the petition for rehearing en banc.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

*/s/ Sarah Welch*
BRAD HINSHELWOOD
SARAH WELCH
*Attorneys, Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3180*

October 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Circuit Rule 40-1(a) because it contains 2,568 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Sarah Welch*
Sarah Welch

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*/s/ Sarah Welch*
Sarah Welch